IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANK FLOWERS, Jr.,** : | CIVIL NO. 3:CV-02-0136 |
| **Plaintiff** : | |
| : | (Judge Munley) |
| v. : | |
| : | |
| **LEBANON COUNTY PRISON, et al.,** : | |
| **Defendants** : | |

## MEMORANDUM AND ORDER

Frank Flowers, Jr. ("Flowers") is proceeding with this 42 U.S.C. § 1983 action *via* an amended complaint. (Doc. 59). Presently ripe for disposition is defendants' motion to dismiss the amended complaint. (Doc. 63). For the reasons set forth below, defendants' motion will be granted.

## I. Procedural history

Flowers originally initiated this action in January 2002. (Doc. 1). By order dated April 24, 2003, defendants' motion to dismiss the complaint for failure to state a claim was granted and the complaint was dismissed in its entirety. Flowers appealed the dismissal and, on July 6, 2005, the Court of Appeals vacated this court's April 24, 2003 order and remanded the matter to afford Flowers an opportunity to file an amended complaint. (Doc. 57-1). The Third Circuit concluded that while the complaint clearly failed to state a claim upon with relief, essentially for the reasons stated by this court, the failure to determine whether an amendment would be inequitable or futile, warranted that the matter be remanded with instructions to give Flowers the opportunity to amend the complaint. (Doc. 57-2, p. 2).

Accordingly, on July 11, 2005, an order issued reopening the case and affording Flowers

time to file an amended complaint. The order was returned as undeliverable. Forty-five days passed and Flowers had not contacted the court. As such, he was deemed to have abandoned the lawsuit and the case was closed. (Doc. 58). Within days of the closing order, Flowers filed a document entitled "(Amendment) claim for relief," which appeared to be his amended complaint. (Doc. 59). The action was reopened and the amended complaint was served. (Doc. 61). Defendants then filed the pending motion to dismiss. (Doc. 63).

## II. Allegations of the amended complaint

As noted by defendants, "[a] side-by-side comparative review of Plaintiff's original Complaint clearly and unequivocally reveals that Plaintiff has in fact raised absolutely no amendments in the nature of any new facts and/or allegations against the Defendants which are any different whatsoever from those raised by the Plaintiff in his original Complaint." (Doc. 64, p. 4).

Flowers alleges that in August 2001[1], he was attacked by two white inmates while incarcerated at the Lebanon County Prison. (Doc. 59, p. 2). Despite his requests that charges be brought against the inmates, no action was taken. He also alleges that racism exists in all aspects of the prison and judicial systems.

He contends that defendant Ebersole frequently addressed African Americans with racial

---

[1] It is noted that in the original complaint, Flowers identifies the date of the attack as August 2001. In the amended complaint, the date is listed as August 2002. Based upon the fact that the original complaint was filed in January 2002, the court concludes that the date contained in the amended complaint is incorrect and that the date of the attack was as originally reported, August 2001.

2

and derogatory comments. Again, prison officials were notified of this conduct, but no action was taken to eliminate the problem. Defendant Charles Jones displayed unprofessional conduct which "triggered an unwillingness to defend [Flowers] properly and as a result of his offensive behavior, [Flowers] was not properly represented." (Doc. 59, p. 3). Lastly Flowers alleges that Defendant Russell failed to place evidence, which was part of his defense, in his file. This resulted in the evidence never being entered in the criminal court proceedings.

Flowers concludes that "[w]ith all the facts it is clear that I have just cause to monetary relief for the basis of my complaint: mental cruelty, abuse [and] damages, etc." (Doc. 59, p. 4).

### III. Standard of Review

When evaluating a motion to dismiss, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 44-46 (1957); Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. Estelle v. Gamble, 429 U.S. 97, 107-108 (1976).

### IV. Discussion

As pointed out by defendants "[t]he whole purpose for the Third Circuit Court of Appeals decision to permit Plaintiff an opportunity to file an Amended Complaint, was to provide

3

Plaintiff with an opportunity to raise new facts if they were available and/or new allegations against the Defendants if they were proper." (Doc. 64, p. 4). Flowers' amended complaint fails to set forth any new facts against the named defendants, and Flower's contention that he "can provide the court with testimony and witnesses to prove and confirm that all parties are as charged guilty of my complaint of racism and unprofessionalism [sic]" (Doc. 65-2, p. 2) does not cure the defects of the complaint. Consequently, the court adopts and incorporates the rationale contained in the prior order of dismissal (Doc. 33), and for the same reasons cited therein, grants defendants' motion to dismiss plaintiff's amended complaint.

It is further noted that the amended complaint is subject to dismissal pursuant to 42 U.S.C. §1997e(e). Title 42 U.S.C. §1997e(e), predicates a prisoner's claim for mental or emotional injury, suffered while in custody, on a showing of accompanying physical injury. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. §1997e(e). It has been concluded that a "less-than-significant-but-more-than-*de minimis* physical injury as a predicate to allegations of emotional injury" is required in order to pursue such a claim. Mitchell v. Horn, 318 F.3d 523, 536 (3d Cir. 2003).

Flowers contends that "[w]ith all the facts it is clear that I have just cause to monetary relief for the basis of my complaint: mental cruelty, abuse [and] damages, etc." (Doc. 59, p. 4). Flowers does not allege any accompanying physical injury, not even a *de minimis* physical injury. He therefore failed to state a federal cause of action.

4

AND NOW, to wit, this 12th day of January 2006, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to dismiss (Doc. 63) is GRANTED.

2. The Clerk of Court is directed to CLOSE this case;

3. Any appeal from this Order will be deemed frivolous, not taken in good faith and lacking in probable cause.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court